EL PUEBLO DE PUERTO RICO, demandante y recurrido, *v.* MARCIANO VÉLEZ CASTRO, acusado y peticionario.

*Número:* O-76-196        *Resuelto:* 30 de septiembre de 1976

*Julio Jiménez González,* abogado del peticionario; *Miriam Naveira de Rodón, Procuradora General,* y *Lirio Bernal de González, Procuradora General Auxiliar,* abogadas de El Pueblo.

EL JUEZ ASOCIADO SEÑOR DÁVILA emitió la opinión del Tribunal.

Al peticionario se le imputó una violación al Art. 256 del Código Penal (1974), 33 L.P.R.A. sec. 4491,[1] consistente en que el día 31 de agosto de 1975 en su residencia opuso resistencia física a varios agentes que le "invitaron" a acompañarles al cuartel de la policía de Levittown en relación con una querella formulada contra él por un ciudadano. El 21 de octubre siguiente se celebró la vista preliminar ante el Juez Cintrón Cruz para determinar causa probable. El día siguiente, 22 de octubre de 1975, el Juez Cintrón Cruz determinó que no existía "causa probable en contra del acusado por el delito imputado ni por ningún otro delito." El 7 de enero de 1976, setenta y siete días después el fiscal Auxiliar Pérez Vergara acude ante el Tribunal Superior, Sala de Bayamón, alegando que no estando conforme con la resolución dictada solicita la celebración de una nueva vista preliminar ante el Tribunal Superior. Para el 5 de abril siguiente, 166 días después de haberse determinado por un magistrado que no existía causa, todavía no se había celebrado la vista preliminar solicitada por el fiscal y el peticionario solicitó se desestimara la moción radicada por éste. El Juez Rivera Valentín denegó el pedido.

Al solicitarse la revisión de esta última resolución concedimos al Procurador General un término para que informara lo que tuviera a bien sobre la petición radicada.

En *Pueblo* v. *Opio Opio*, 104 D.P.R. 165 (1975), expresamos:

"El derecho a juicio rápido no se circunscribe al acto del juicio propiamente dicho; se extiende para abarcar todas las

---

[1] Dispone el Art. 256 del Código Penal de 1974:

"Toda persona que usare violencia o intimidación contra un funcionario o empleado público para compelerlo a ejecutar un acto contrario a sus deberes o a omitir un acto inherente a sus funciones, o que empleando violencia o intimidación ofreciere resistencia a dicho funcionario o empleado en el cumplimiento de su deber, será sancionada con pena de reclusión por un término mínimo de un año y máximo de cinco años."

etapas en progresión gradual desde la imputación inicial de delito. De otro modo ese derecho podría ser burlado prolongando sin justificación los trámites procedentes al juicio como ha ocurrido en este caso. En términos del derecho fundamental de todo ser humano a sentirse libre de la opresión y la preocupación martirizante que genera una acusación injusta, no hay diferencia apreciable entre la demora en someter la acusación al crisol depurante de la vista preliminar y la tardanza en celebrar el juicio para la decisión final sobre culpabilidad o inocencia. El derecho a juicio rápido, fundamental en nuestro procedimiento criminal, quedaría gravemente afectado en su virtualidad y esencia si el Estado pudiera prolongar por término irrazonable la celebración de la vista preliminar . . . ."

A tenor con lo antes expuesto, es evidente que la vista preliminar en alzada ante el Juez Superior debió celebrarse dentro de un término razonable a partir de la resolución del Juez de Distrito determinando que no había causa probable. Consideramos como razonable un término máximo de 60 días. Habiendo transcurrido 166 días desde la determinación del Juez de Distrito, sin que se hubiera celebrado la otra vista preliminar, procede archivar el caso que se sigue por el Estado contra el aquí peticionario.

*Se expedirá el auto solicitado y se revocará la Resolución dictada por el Tribunal Superior, Sala de Bayamón, Rivera Valentín, J., en el caso criminal número V.P. 76-1, El Pueblo de Puerto Rico v. Marciano Vélez Castro y se decretará el archivo del mismo.*