EL PUEBLO DE PUERTO RICO, recurrido, *v.* MILAGROS RI-
VERA ARROYO, acusada y peticionaria.

*Número:* CE-87-57    *Resuelto:* 10 de diciembre de 1987

*Ivette Aponte Nogueras,* abogada de la peticionaria; *Rafael Ortiz Carrión, Procurador General, Rose Mary Corchado Lorent, Procuradora General Auxiliar,* abogados de El Pueblo.

EL JUEZ ASOCIADO SEÑOR ALONSO ALONSO emitió la opinión del Tribunal.

Se nos plantea si, a la luz de la situación de hechos del caso ante nos, existió justa causa para la no celebración de una vista preliminar en alzada dentro del término de sesenta (60) días conforme a lo expuesto en *Pueblo v. Vélez Castro,* 105 D.P.R. 246 (1976). Resolvemos que la dilación no estuvo justificada.

I

Contra la imputada Milagros Rivera Arroyo se presentaron denuncias por alegada violación al Art. 166 del Código

Penal de Puerto Rico (apropiación ilegal agravada), 33 L.P.R.A. sec. 4272, y a los Arts. 6 y 8 de la Ley de Armas de Puerto Rico, 25 L.P.R.A. secs. 416 y 418. Celebrada en 22 de septiembre de 1986 la vista preliminar a los fines de determinar la existencia de causa probable para acusar por los delitos de apropiación ilegal agravada y violación al Art. 8 de la Ley de Armas de Puerto Rico, *supra*, el Tribunal de Distrito, Sala de Bayamón, sostuvo que no existía causa probable. No conforme, el Ministerio Público presentó ante el Tribunal Superior, Sala de Bayamón, una moción en la que solicitaba la celebración de una vista preliminar en alzada, la cual fue señalada para el 3 de noviembre de 1986.

Las denuncias contra la imputada habían sido presentadas el 27 de agosto de 1986. Por razón de ésta no poder prestar las fianzas correspondientes, fue ingresada el 31 de agosto de 1986 en la Escuela Industrial para Mujeres de Vega Alta. No obstante la determinación del Tribunal de Distrito, Sala de Bayamón, sobre la no existencia de causa probable para acusar por los delitos de apropiación ilegal agravada y violación al Art. 8 de la Ley de Armas, *supra*, la imputada permaneció recluida en la mencionada institución penitenciaria por estar pendiente contra ella la denuncia por el delito menos grave provisto por el Art. 6 de la Ley de Armas, *supra*. No es hasta el 21 de noviembre de 1986 que la peticionaria queda en libertad provisional al prestar la fianza requerida.

Llegado el 3 de noviembre de 1986 y llamado el caso para la celebración de la vista señalada, no comparecieron a la misma ni la peticionaria ni su representación legal. La prueba desfilada en la vista demostró que el alguacil del tribunal diligenció sin éxito la citación de la peticionaria a su última dirección residencial conocida. Fuera de esto, no se hicieron gestiones ulteriores para localizarla.

A instancias del Ministerio Público, el tribunal expidió una nueva citación a la imputada y señaló el 24 de noviembre de 1986 para informarle los resultados. Ya en libertad provisional por haber prestado fianza el 21 de noviembre de 1986, la imputada compareció a la vista. Por voz de su representación legal expresó que el 3 de noviembre se encontraba recluida en la Escuela Industrial para Mujeres de Vega Alta; que su incomparecencia a la vista preliminar en alzada de 3 de noviembre se debió a la falta de citación por parte del Ministerio Público. Alegó, además, que al haber transcurrido más de sesenta (60) días desde la determinación de no haber causa probable para acusar, correspondía al Ministerio Público demostrar la existencia de justa causa de por qué no se había celebrado la vista preliminar en alzada. Finalmente alegó que no constituía justa causa la mera gestión de diligenciar la citación a la imputada a su última dirección conocida, toda vez que el Ministerio Público sabía o debió saber que ésta se encontraba bajo la custodia del Estado en la Administración de Corrección.

El tribunal de instancia concluyó que había justa causa para la no celebración de la vista preliminar en alzada dentro del término de sesenta (60) días y señaló el 9 de diciembre de 1986 para la celebración de dicha vista. En ésta, la defensa reprodujo sus argumentos al efecto de que el peso de la prueba para demostrar la existencia de justa causa recaía sobre el Ministerio Público, y que éste no la había demostrado. El tribunal se reafirmó en su dictamen y determinó la existencia de causa probable para acusar. La peticionaria, no conforme con dicha determinación, acude ante nos en auxilio de nuestra jurisdicción. El 3 de febrero de 1987 paralizamos los procedimientos en instancia y concedimos término al Procurador General para que mostrara causa por la cual no debíamos revocar la resolución del tribunal de instancia. Contamos con el beneficio de su comparecencia.

## II

La Regla 24(c) de Procedimiento Criminal, 34 L.P.R.A. Ap. II, vigente al momento de los hechos delictivos imputados a la peticionaria(1) dispone:

Si, luego de la vista preliminar, el magistrado hiciere una determinación de que no existe causa probable, el fiscal no podrá presentar acusación alguna. En tal caso o cuando la determinación fuere la de que existe causa por un delito inferior al imputado, el fiscal podrá someter el asunto de nuevo con la misma o con otra prueba a un magistrado de categoría superior del Tribunal de Primera Instancia.

Movidos por un interés práctico en ponerle término a la regla citada, sostuvimos en *Pueblo v. Vélez Castro*, supra, pág. 248:

A tenor con lo antes expuesto, es evidente que la vista preliminar en alzada ante el Juez Superior debió celebrarse dentro de un término razonable a partir de la resolución del Juez de Distrito determinando que no había causa probable. Consideramos como razonable un término máximo de 60 días.

*Pueblo v. Vélez Castro*, supra, constituyó un paso de avance en nuestro curso de hacer extensivas a los procedimientos preliminares al juicio las garantías constitucionales a un juicio rápido. Ya en *Pueblo v. Opio Opio*, 104 D.P.R. 165, 169 (1975), habíamos establecido que "[e]l derecho a juicio rápido no se circunscribe al acto del juicio propiamente dicho; se extiende para abarcar todas las etapas en progresión gradual desde la imputación inicial de delito". A la luz de tales pronunciamientos reconocimos que le asistía, como le

---

(1) La Regla 24(c) de Procedimiento Criminal, 34 L.P.R.A. Ap. II, fue enmendada por la Ley Núm. 29 de 9 de junio de 1987, aunque la enmienda no representa un cambio sustancial.

La Regla 23 de Procedimiento Criminal, 34 L.P.R.A. Ap. II, también sufrió cambios. Éstos, sin embargo, no convierten necesariamente en académicos los pronunciamientos que aquí hacemos.

asiste, a todo imputado de delito el derecho a la celebración de la vista preliminar dentro del término de sesenta (60) días, contado a partir de la fecha del arresto o de la citación.

Si bien *Pueblo* v. *Opio Opio*, supra, reconoció que no necesariamente se viola el derecho constitucional a un juicio rápido de no celebrarse la vista preliminar dentro del término establecido, ya porque exista justa causa para la demora, ya porque ésta se deba a solicitud del acusado o a su consentimiento, *Pueblo* v. *Vélez Castro*, supra, guardó un discreto silencio sobre el particular.

▮ Aun cuando en reiteradas ocasiones hemos reconocido que el derecho constitucional a un juicio rápido es de carácter fundamental, *Pueblo* v. *Reyes Herrans*, 105 D.P.R. 658 (1977); *Pueblo* v. *Opio Opio*, supra; *Pueblo* v. *Arcelay Galán*, 102 D.P.R. 409 (1974); *Jiménez Román* v. *Tribunal Superior*, 98 D.P.R. 874 (1970), hemos igualmente afirmado que no es absoluto. *Pueblo* v. *Rivera Navarro*, 113 D.P.R. 642, 644 (1982). Más bien es un derecho que requiere tomar en cuenta las circunstancias que rodean cada reclamo del mismo. *Pueblo* v. *Reyes Herrans*, supra. Es por virtud de ello y del carácter relativo que le es inherente, *Pueblo* v. *Rivera Tirado*, 117 D.P.R. 419 (1986),(2) que hemos aceptado como constitucionalmente válido el condicionamiento que impone la Regla 64(n) de Procedimiento Criminal vigente, 34 L.P.R.A. Ap. II, al reclamo que al amparo de ella hagan los imputados o los acusados de delito, esto es:

1. Justa causa para la demora.
2. La demora se debe a la solicitud del acusado o a su consentimiento.

---

(2) En *Pueblo* v. *Rivera Tirado*, 117 D.P.R. 419 (1986), extendimos en nuestra jurisdicción cuatro criterios relevantes para evaluar las reclamaciones de violaciones al derecho a juicio rápido. Ellas son: (1) duración de la tardanza; (2) razones para la dilación; (3) si el acusado ha invocado oportunamente ese derecho, y (4) perjuicio resultante de la tardanza.

En atención al carácter relativo del derecho a un juicio rápido que queremos señalar, expresamos en *Pueblo* v. *Arcelay Galán*, supra, que el derecho a juicio rápido es renunciable, aunque por tratarse de un derecho fundamental la renuncia al mismo debe ser expresa y no presunta, voluntaria y efectuada con pleno conocimiento de causa. Dándole seguimiento a los anteriores pronunciamientos, en *Pueblo* v. *Reyes Herrans*, supra, y en *Pueblo* v. *Santi Ortiz*, 106 D.P.R. 67 (1977), sostuvimos que el acusado renuncia a su derecho a juicio rápido si no presenta objeción a un señalamiento de vista para una fecha posterior al vencimiento de los términos vigentes estatuidos en la Regla 64(n) de Procedimiento Criminal, *supra*. De igual forma, el acusado renuncia a su derecho a juicio rápido si no presenta moción de desestimación al efecto correspondiente el día de la vista.

En *Pueblo* v. *Rivera Colón*, 119 D.P.R. 315 (1987), hicimos extensivas las anteriores normas legales al término de sesenta (60) días para la celebración de la vista preliminar en alzada. Resolvemos ahora que si el imputado de delito se encuentra recluido en una institución penal del Estado, la vista preliminar en alzada deberá celebrarse dentro de un término de sesenta (60) días. Dicho término debe contarse a partir de la determinación inicial de falta de causa probable para acusar, a menos que: (1) exista justa causa para una demora; (2) ésta se deba a la solicitud del imputado o a su consentimiento, o (3) el imputado haya renunciado a su derecho a un juicio rápido de forma expresa, voluntaria y efectuada con pleno conocimiento de causa.

## III

En el caso de autos no ha habido solicitud de la imputada a los efectos de que la vista preliminar en alzada se celebre con posterioridad al vencimiento del término de sesenta (60) días establecido en *Pueblo* v. *Vélez Castro*, supra, ni ha pres-

tado su consentimiento para la demora. Tampoco la imputada ha renunciado a su derecho a juicio rápido. Por el contrario, en la vista celebrada el 24 de noviembre de 1986 presentó oportuna objeción al señalamiento de una vista preliminar en alzada para el 9 de diciembre del mismo año, por razón de haber vencido el aludido término de sesenta (60) días. Llegado el 9 de diciembre y comenzada la celebración de la vista, solicitó la desestimación del proceso.

En el caso de autos tampoco existió justa causa para la inobservancia del término de sesenta (60) días. La incomparecencia de la imputada a la vista de 3 de noviembre de 1986, razón por la cual no pudo cumplirse con el término señalado, se debió exclusivamente a la falta de la debida diligencia por parte del Estado. Un examen de los autos originales revela que en la vista celebrada el 3 de noviembre de 1986, el alguacil de sala, Alfonso Díaz, informó que el alguacil que diligenció la citación [a la imputada] "notificó que la acusada se mudó de dicha dirección, y se desconoce su nueva dirección". *Exhibit* VIII, pág. 1. Contradictoriamente, el policía Félix Aponte "informó al tribunal por conducto del perjudicado que estaba presente en sala, que la acusada estaba fuera de Puerto Rico". Sin embargo, y según surgía de los récord en poder del Estado, la imputada se encontraba confinada en una institución penitenciaria bajo el control de la Administración de Corrección. Era fácil constatar el hecho de la reclusión de la señora Rivera Arroyo en la Escuela Industrial para Mujeres, pues es el Estado el depositario de los récord oficiales, *Pueblo* v. *Garrick*, 105 D.P.R. 178, 181 (1976), por lo que no puede alegar desconocimiento de lo que consta en aquello que está bajo su exclusiva posesión y control.

En el caso que nos ocupa, tanto la actuación de los alguaciles como la del Ministerio Público no se justifica. La aspiración a que el sistema de administración de justicia criminal opere cada vez más eficientemente no puede darse con un

sistema burocrático en el que funcionarios del propio Estado no saben que un imputado está en prisión. Tal grado de operación ineficiente del sistema no puede derrotar el reclamo de las garantías constitucionales fundamentales.

En su comparecencia ante nos, el Procurador General señala que el término de setenta y ocho (78) días transcurridos entre la determinación de no causa y la celebración de la vista preliminar en alzada no es excesivo. También señala que, si bien la razón para la no celebración de la vista preliminar en alzada dentro del término de sesenta (60) días fue la falta de una adecuada diligencia en el desempeño de sus funciones, al no haber sido la misma cometida de mala fe, procede la celebración de la vista en alzada. No tenemos dificultad en coincidir con el Procurador General en que la falta de diligencia en el desempeño de las funciones atinentes del Estado tuvo como consecuencia que no se celebrara la vista preliminar en alzada oportunamente. Es por ello que no constituye justa causa la vaga alegación de que a pesar de hacerse los intentos por citar a la señora Rivera Arroyo, ésta no pudo ser localizada. Sin embargo, diferimos de su intento de añadir como elemento condicionante al reclamo de todo ciudadano a un juicio rápido la existencia o ausencia, según sea el caso, del elemento de mala fe. Este elemento no participa en el balance de intereses involucrados a la hora de dilucidar el reclamo de un derecho a juicio rápido.

## IV

A la luz de lo expuesto, *se expedirá el auto de certiorari solicitado, se revocará la resolución del Tribunal Superior, Sala de Bayamón, de 9 de diciembre de 1986, y se ordenará el archivo del caso.*

El Juez Asociado Señor Rebollo López concurre con el resultado. El Juez Asociado Señor Negrón García emitió opi-

nión concurrente y disidente. El Juez Asociado Señor Ortiz disiente con opinión escrita.

—O—

Opinión concurrente y disidente del Juez Asociado Señor Negrón García.

Aunque coincidimos con el resultado de la opinión del Tribunal de que en las circunstancias de autos —por estar recluida la peticionaria Rivera Arroyo en la Escuela Industrial para Mujeres de Vega Alta— se infringió su derecho a un proceso rápido, disentimos del análisis y pronunciamiento para evaluar estos casos. Lo que es un período oneroso e irrazonable depende de los hechos peculiares de cada caso. No puede aprisionarse la norma establecida en *Pueblo* v. *Vélez Castro*, 105 D.P.R. 246 (1976), a una cronología de "tiesa aritmética" improrrogable. *Hernández Pacheco* v. *Flores Rodríguez*, 105 D.P.R. 173, 177 (1976).

Finalmente, contrario a la opinión de hoy del Tribunal, rechazamos la conclusión de que el elemento de buena o mala fe del Ministerio Fiscal —esto es, una conducta dilatoria intencional— no sea factor a tomarse en cuenta. Ello resulta esencial para adjudicar en buena juridicidad si una tardanza de este género justifica el archivo del caso. *Pueblo* v. *Rivera Tirado*, 117 D.P.R. 419 (1986). Resolver lo contrario es apartarse de un principio elemental en la adjudicación de toda controversia humana.

—O—

Opinión disidente del Juez Asociado Señor Ortiz.

Me veo obligado a disentir de la opinión del Tribunal por entender que la misma está fundamentalmente en conflicto con las normas vigentes, según recientemente expuestas y ratificadas en *Pueblo* v. *Rivera Colón*, 119 D.P.R. 315, 325 (1987). Allí resolvimos que:

... En primera instancia la vista preliminar en alzada debe celebrarse dentro de sesenta días a partir de la resolución del juez de distrito la cual determina que no había causa probable. Para esta primera vista el imputado será citado según el procedimiento de las Reglas 24(c) y 235 vigentes. Si no se puede citar al acusado por haber éste cambiado su dirección sin informar al tribunal o a su abogado, y el tribunal entiende que hubo una debida diligencia para localizarlo y citarlo, entonces el término de sesenta días para la segunda o subsiguientes vistas comenzará a computarse a partir de la fecha en que el acusado sea efectivamente citado. En todos los casos el término sólo podrá ser extendido por justa causa o por demora imputable al acusado o consentida por éste. *Pueblo v. Opio Opio*, 104 D.P.R. 165 (1975). *Queda excluida como justa causa aquella demora intencional y opresiva.* (Énfasis nuestro y escolio omitido.)

La opinión del Tribunal varía las normas al resolver que:

Sin embargo, diferimos de su intento de añadir como elemento condicionante al reclamo de todo ciudadano a un juicio rápido la existencia o ausencia, según sea el caso, del elemento de mala fe. Este elemento no participa en el balance de intereses involucrados a la hora de dilucidar el reclamo de un derecho a juicio rápido. Opinión mayoritaria, pág. 122.

No vemos razón alguna para que escasamente cuatro meses después eliminemos uno de los criterios fundamentales a ser considerados en estos casos. Me preocupa mucho más el hecho de que el cambio no se limita a la situación ante nos, o sea el término para celebrar la vista preliminar en alzada. La opinión del Tribunal expresamente cubre todas las situaciones en que pueda reclamarse el derecho a juicio rápido.

Contrario a lo que se resuelve en este caso, soy de la opinión que el elemento de mala fe es parte integrante del balance de intereses involucrados en estos casos. Su consideración resulta conveniente para ambas partes. La persona acusada puede excluir como justa causa el hecho de que la

demora fue intencional y opresiva. El fiscal debe tener la oportunidad de establecer que el Estado ha actuado de buena fe y que este factor se considere, junto con los otros presentes, al decidir la controversia y al hacer el balance correspondiente. Después de todo, la buena o mala fe es parte integrante y esencial del derecho constitucional, de la equidad y de la buena administración de la justicia.[1]

Aplicados los criterios señalados a este caso, resolvería que existe justa causa para la demora y que la misma no es onerosa ni irrazonable.

---

[1] Claro está, no estamos proponiendo que la defensa venga obligada a probar en todos los casos que el Estado ha actuado de mala fe para poder establecer su reclamo.