EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| El Pueblo de Puerto Rico | Certiorari |
| Recurrido | |
| v. | 2003 TSPR 114 |
| José J. Ramos Ayala | 159 DPR _____ |
| Peticionario | |

Número del Caso: CC-1999-477


Fecha: 30 de junio de 2003


Tribunal de Circuito de Apelaciones:
                    Circuito Regional VI

Juez Ponente:
                    Hon. Ismael Colón Birriel

Abogado de la Parte Peticionaria:
                    Lcdo. Jaime J. Fuster Zalduondo

Oficina del Procurador General:
                    Hon. Gustavo A. Gelpí
                    Procurador General

                    Lcda. Rosa N. Russé Gacía
                    Subprocuradora General

                    Lcdo. Miguel A. Santana Bagur
                    Procurador General Auxiliar


Materia: Arts. 6 y 8 de la Ley de Armas




Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

El Pueblo de Puerto Rico

    Recurrido

        v.

                                CC-1999-477

José J. Ramos Ayala

    Peticionario

SENTENCIA

San Juan, Puerto Rico a 30 de junio de 2003

Por hechos acaecidos el 20 de agosto de 1997, el Ministerio Público presentó denuncias contra el Sr. José J. Ramos Ayala imputándole haber infringido el Art. 83 del Código Penal, 33 L.P.R.A. § 4002, y los Arts. 5, 6, 8 y 8(A) de la Ley de Armas, 25 L.P.R.A. §§ 415, 416, 418, 418a.[1] El 17 de febrero de 1999 fue celebrada la vista preliminar en la cual se determinó que existía causa probable para acusar

---

[1] Para el momento en que ocurrieron los hechos estaba en vigor la Ley de Armas de 1951, Ley Núm. 17 de 19 de enero de 1951, según enmendada, que fue derogada en el año 2000. Actualmente rige la Ley de Armas de 2000, Ley Núm. 404 de 11 de septiembre de 2000, según enmendada, 25 L.P.R.A. §§ 455-460j.

al señor Ramos Ayala por haber infringido el Art. 83 del Código Penal, *supra*, y los Arts. 5 y 8(A) de la Ley de Armas, *supra*.

Inconforme, el 8 de abril de 1999 el Ministerio Público solicitó la celebración de una vista preliminar en alzada respecto a los Arts. 6 y 8 de la Ley de Armas, *supra*. Mediante orden de 14 de abril de 1999, notificada el 3 de mayo de 1999, el foro de instancia señaló la vista preliminar en alzada para el 4 de mayo de 1999. No obstante, fue imposible llevarla a cabo en la fecha señalada por no haberse citado a las partes. La vista fue reseñalada para el 18 de mayo del mismo año. Llegada tal fecha, no comparecieron el Ministerio Público ni un testigo suyo que se encontraba en el Albergue de Testigos del Departamento de Justicia (en adelante Albergue de Testigos). Así las cosas, el tribunal se vio precisado a suspender la vista, por segunda ocasión, y a posponerla para el 25 de mayo, cuando finalmente pudo llevarse a cabo.

El día de la vista preliminar en alzada el señor Ramos Ayala, representado por la Sociedad para Asistencia Legal, adujo que se infringió su derecho a juicio rápido ya que el señalamiento para dicha vista se hizo luego de haber transcurrido más de sesenta (60) días desde la determinación de inexistencia de causa probable para acusación. El Ministerio Público objetó alegando que la defensa debió someter su posición por escrito, aunque

aceptó que de ser correcto el argumento en cuanto al cómputo del término transcurrido, le asistía la razón a la defensa.

El Tribunal de Primera Instancia declaró no ha lugar el planteamiento sobre violación al derecho a juicio rápido y procedió a celebrar la vista preliminar en alzada. Determinó que existía causa probable para acusar al señor Ramos Ayala por infracciones a los Arts. 6 y 8 de la Ley de Armas, *supra*. De esta determinación el peticionario acudió ante el Tribunal de Circuito de Apelaciones (en adelante Tribunal de Circuito) mediante recurso de *certiorari* señalando como único error que la celebración de la vista preliminar en alzada violó su derecho a juicio rápido. Dicho foro denegó el auto solicitado por entender que carecía de jurisdicción ya que el peticionario debió presentar cualquier objeción o defensa susceptible de ser determinada sin entrar a la vista del caso en su fondo luego del acto de lectura de la acusación.

Inconforme con tal dictamen, el señor Ramos Ayala presentó un recurso de *certiorari* ante nos donde alegó que incidió el Tribunal de Circuito al entender que carecía de jurisdicción por haberse planteado prematuramente una violación al derecho a juicio rápido toda vez que había invocado su derecho oportunamente.

Con el beneficio de la comparecencia de las partes, resolvemos que erró el Tribunal de Circuito al determinar

que carecía de jurisdicción para adjudicar el presente recurso por entender que el acusado debía esperar a la lectura de la acusación para invocar su derecho a juicio rápido. Se dicta sentencia confirmando la determinación del Tribunal de Primera Instancia a los efectos de que no se violó el derecho a juicio rápido del señor Ramos Ayala y devolvemos el caso a dicho foro para que continúen los procedimientos de forma compatible con lo aquí resuelto.

Lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo. La Jueza Asociada señora Naveira de Rodón emitió un voto particular de conformidad. El Juez Asociado señor Hernández Denton concurre sin opinión escrita. El Juez Asociado señor Rebollo López no intervino. El Juez Asociado señor Fuster Berlingeri está inhibido.


                                Patricia Otón Olivieri
                             Secretaria del Tribunal Supremo

EN EL TRIBUNAL SUPREMO DE PUERTO RICO


El Pueblo de Puerto Rico

    Recurrido

      v.
                         CC-1999-477

José J. Ramos Ayala

    Peticionario


Voto particular de conformidad emitido por la Jueza Asociada señora NAVEIRA DE RODÓN


San Juan, Puerto Rico a 30 de junio de 2003

Emitimos nuestro voto de conformidad con la posición mayoritaria por entender que el acusado invocó oportunamente su derecho a juicio rápido y que el Estado adujo una causa justificada para las suspensiones de la vista preliminar en alzada. Con el beneficio del trasfondo fáctico expuesto en la Sentencia, examinemos la normativa aplicable a la controversia ante nos.

I

En primer lugar, debemos determinar cuándo un imputado de delito debe invocar una infracción a su

derecho a juicio rápido por dilaciones en la celebración de la vista preliminar en alzada.

El derecho a juicio rápido que les asiste a las personas imputadas de delito es de entronque constitucional, garantizado por el Art. II, Sec. 11 de la Constitución del Estado Libre Asociado de Puerto Rico, L.P.R.A., Tomo I, y por la Sexta Enmienda de la Constitución de los Estados Unidos. No obstante, sus dimensiones están delimitadas por las Reglas de Procedimiento Criminal, 34 L.P.R.A. Ap. II.[2] El reconocimiento de este derecho favorece tanto a los individuos como a la sociedad. Por un lado, los imputados de delito se ven protegidos contra perjuicios a sus defensas, al disminuir la posibilidad de que desaparezcan sus testigos o su memoria olvide, y, además, se evita que permanezcan expuestos por un tiempo irrazonable a la incertidumbre que provoca un procedimiento criminal. Del otro lado, se protege el interés social en la pronta tramitación de las causas. *Pueblo v. Arcelay Galán*, 102 D.P.R. 409, 414, 417 (1974). Este derecho cobra vida desde el momento en que un magistrado determina que existe causa probable para arrestar, citar o detener a un ciudadano por la comisión de un delito, es decir, desde que la persona está sujeta

---

[2] El Tribunal Supremo federal se ha expresado a los efectos de permitirles a los estados establecer el contenido de este derecho, siempre que salvaguarden las garantías federales mínimas. *Barker v. Wingo*, 407 U.S. 514, 523 (1972).

a responder por un hecho delictivo cuya comisión se le atribuye. *Pueblo v. Miró González*, 133 D.P.R. 813, 821 (1993); *Pueblo v. Cartagena Fuentes*, res. el 11 de octubre de 2000, 152 D.P.R. _____ (2000), 2000 T.S.P.R. 150, 2000 J.T.S. 163.

El contenido y alcance del derecho a juicio rápido ha sido determinado por la vía legislativa y jurisprudencial. La Regla 64 de Procedimiento Criminal, *supra*, establece los términos que rigen las etapas procesales desde el arresto del imputado hasta el momento del juicio. Además, este Tribunal ha incorporado términos adicionales para regir aquellas etapas de los procedimientos que no han sido contempladas en la legislación.[3] La Regla 64(n)(6), *supra*, establece, en lo pertinente, que la vista preliminar debe celebrarse dentro de los sesenta (60) días siguientes al arresto. En *Pueblo v. Vélez Castro*, *supra*, pág. 248, señalamos que la vista preliminar en alzada debe tener lugar dentro de los sesenta (60) días siguientes a la determinación de inexistencia de causa probable para acusar o de la determinación de causa probable para radicar acusación por un delito inferior al imputado. Ante una infracción

---

[3] En *Pueblo v. Opio Opio*, 104 D.P.R. 165 (1975), incorporamos el término de sesenta (60) días para la celebración de la vista preliminar y en *Pueblo v. Vélez Castro*, 105 D.P.R. 246 (1976), incorporamos el término de sesenta (60) días para la celebración de la vista preliminar en alzada.

al derecho a juicio rápido el remedio apropiado es la desestimación de la acusación o denuncia.

La Regla 64 de Procedimiento Criminal, *supra*, es el mecanismo procesal disponible para solicitar la desestimación. Una moción de desestimación al amparo de dicha Regla "deberá presentarse, excepto por causa debidamente justificada y fundamentada, por lo menos veinte (20) días antes del juicio, salvo lo dispuesto en la Regla 63". Por su parte, la Regla 63, *supra*, reza en lo pertinente:

> Excepto las defensas de falta de jurisdicción del tribunal y la de que no se imputa delito, las cuales podrán presentarse en cualquier momento, cualquier defensa u objeción susceptible de ser determinada sin entrar en el caso en su fondo se deberá promover mediante moción presentada al hacerse alegación de no culpable o antes de alegar, pero el tribunal podrá permitir por causa justificada la presentación de dicha moción dentro de un período no mayor de veinte (20) días después del acto de lectura de la acusación en los casos en que deba celebrarse dicho acto. Cuando se hubiere entregado personalmente al acusado una copia de la acusación, el término para la presentación de esta moción será de no más de veinte (20) días desde que el acusado hubiese respondido. Cuando no hubiese contestado, el término será de no más de veinte (20) días después de que se registre la alegación de no culpable.

El Tribunal de Circuito determinó que el peticionario, señor Ramos Ayala, invocó su derecho a juicio rápido prematuramente ya que, conforme a la Regla 63, le correspondía hacerlo luego de la lectura de la

acusación. Estimamos que erró el foro apelativo. Veamos.

En síntesis, mientras la Regla 64 requiere que la moción para desestimar se presente por lo menos veinte (20) días antes del juicio, salvo cuando exista justa causa, la Regla 63 preceptúa que cualquier defensa u objeción susceptible de ser determinada sin entrar al juicio en su fondo debe ser presentada mediante moción al hacerse la alegación de no culpable o antes de alegar, pero el tribunal podrá permitir, por razones justificadas, que dicha moción sea presentada dentro de un período que no exceda los veinte (20) días después de la lectura de la acusación.

Este Tribunal atendió la necesidad de armonizar ambas disposiciones en *Pueblo v. Rivera Rodríguez*, res. el 29 de febrero de 2000, 150 D.P.R. _____ (2000), 2000 T.S.P.R. 34, 2000 J.T.S. 46. Allí señalamos que al examinar ambas disposiciones conjuntamente puede concluirse que, de ordinario y salvo las excepciones dispuestas en la ley, una moción de desestimación de la acusación al amparo de las Reglas 63 y 64 de Procedimiento Criminal, *supra*, debe ser presentada al momento de hacer la alegación de no culpable o antes de alegar, pero dicho acto debe tener lugar por lo menos veinte (20) días antes del juicio.

Sin embargo, en la citada decisión advertimos que cuando se alegue una violación al derecho a juicio rápido

por no haberse celebrado la vista preliminar en los términos dispuestos por la Regla 64(n)(5) y (6), técnicamente no se podría solicitar la desestimación de una acusación que aún no ha sido radicada. Olga Elena Resumil de Sanfilipo, *Derecho procesal penal*, Tomo 2, San Juan, Butterworth, 1993, § 25.6, pág. 258. En atención a lo anterior, establecimos que puede solicitarse la desestimación de la denuncia al amparo de la mencionada Regla. "[E]l imputado puede presentar la moción para desestimar la denuncia, desde el momento en que ocurre la violación a los términos pautados por la Regla 64(n)(5) y (6) para la celebración de la vista preliminar, o si así lo prefiere, antes del comienzo de la vista preliminar". *Pueblo v. Rivera Rodríguez*, *supra*.

Aunque nuestros pronunciamientos en *Pueblo v. Rivera Rodríguez*, *supra*, versaron sobre la vista preliminar, entendemos que un razonamiento similar es aplicable cuando se alega una violación al derecho a juicio rápido por celebrarse la vista preliminar en alzada transcurridos sesenta (60) días desde la determinación de inexistencia de causa probable para acusar o de la determinación de existencia de causa probable para radicar acusación por un delito inferior. Desde hace más de dos (2) décadas este Tribunal estableció:

> El derecho a juicio rápido no se circunscribe al acto del juicio propiamente dicho; se extiende para abarcar todas las etapas en progresión gradual desde la imputación inicial de delito. De otro modo ese derecho podría

> ser burlado prolongando sin justificación los trámites precedentes al juicio.... En términos del derecho fundamental de todo ser humano a sentirse libre de la opresión y la preocupación martirizante que genera una acusación injusta, no hay diferencia apreciable entre la demora en someter la acusación al crisol depurante de la vista preliminar y la tardanza en celebrar el juicio para la decisión final sobre culpabilidad o inocencia. *Pueblo v. Opio Opio*, *supra*, pág. 169.

En atención a la importancia que reviste en nuestro ordenamiento la protección del derecho a juicio rápido y a que éste cobija los procedimientos anteriores al juicio, incluyendo la vista preliminar en alzada, entendemos que una persona imputada de delito puede presentar una moción de desestimación de la denuncia alegando que se ha infringido su derecho a juicio rápido antes de la celebración de la vista preliminar en alzada. Dicha moción podrá ser presentada por escrito o verbalmente, cuando exista causa justificada, a tenor con la Regla 65 de Procedimiento Criminal, *supra*.[4] Una vez presentada la moción, el tribunal deberá evaluar, antes de comenzar la vista preliminar en alzada, si se ha infringido el derecho del imputado a juicio rápido. No podemos permitir, como resolvió el Tribunal de Circuito, que una persona imputada de delito tenga que esperar a la celebración de la vista preliminar en alzada, la

---

[4] La citada Regla establece, en lo pertinente, que cualquier moción antes del juicio deberá presentarse por escrito, pero que el tribunal podrá permitir que se presente oralmente cuando medie una causa justificada.

radicación de una acusación y su consiguiente lectura para poder invocar la violación de su derecho fundamental a un juicio rápido.

En el caso de autos el señor Ramos Ayala presentó oralmente, a través de su representación legal, una moción solicitando la desestimación de la denuncia al inicio de la vista preliminar en alzada celebrada el 25 de mayo de 1999. De la exposición anterior se puede colegir que el peticionario invocó oportunamente su derecho a juicio rápido, por lo cual erró el Tribunal de Circuito al determinar que el señor Ramos Ayala tenía que esperar al acto de lectura de la acusación para presentar la moción de desestimación.

## II

Tras concluir que el peticionario invocó oportunamente su derecho a juicio rápido, debemos examinar si se infringió tal derecho por haberse celebrado la vista preliminar en alzada transcurridos más de sesenta (60) días desde la determinación de inexistencia de causa probable para radicar acusación.

Aunque el derecho a juicio rápido es uno fundamental, éste tiene un contenido flexible y variable que evade la rígida aritmética para ajustarse a las circunstancias particulares de cada caso. *Pueblo v. Valdés Medina*, res. el 4 de diciembre de 2001, 155 D.P.R.

_____ (2001), 2001 T.S.P.R. 167, 2001 J.T.S. 170; *Pueblo v. Santa Cruz Bacardí*, res. el 22 de septiembre de 1999, 149 D.P.R. _____ (1999), 99 T.S.P.R. 144, 99 J.T.S. 149; *Pueblo v. Rivera Arroyo*, 120 D.P.R. 114, 119 (1987); *Pueblo v. Arcelay Galán*, *supra*, pág. 413.    La inobservancia de los términos para la celebración de la vista preliminar, la vista preliminar en alzada o el juicio no constituye por sí sola una infracción al derecho a juicio rápido ni conlleva automáticamente la desestimación de la denuncia o acusación.    *Pueblo v. Candelaria*, res. el 18 de junio de 1999, 148 D.P.R. _____ (1999), 99 T.S.P.R. 96, 99 J.T.S. 98.

Una vez el imputado de delito invoca oportunamente su derecho a juicio rápido, corresponde al tribunal examinar conjuntamente varios criterios.    En primer lugar, es necesario considerar la duración de la tardanza.    En segundo lugar, debe atenderse a las razones para la dilación.    Sobre este particular hemos señalado que, de ordinario, las demoras institucionales imputables al Estado, que no tienen el propósito de perjudicar a la persona imputada o acusada, serán tratadas con menor rigurosidad que aquellas demoras intencionales que tienen como fin perjudicar al imputado.    *Pueblo v. Valdés Medina*, *supra*.    Ahora bien, el derecho a juicio rápido no puede ser menoscabado por razones, tales como insuficiencia de recursos humanos y presupuestarios en el gobierno.    *Pueblo v. Rivera Tirado*, 117 D.P.R. 419, 436-

437 (1986). En tercer lugar, el tribunal debe examinar si el acusado invocó oportunamente su derecho. Finalmente, es necesario considerar el perjuicio resultante, aunque no será necesario demostrar que la demora tuvo el efecto de dejar al imputado en estado de indefensión. *Pueblo v. Esquilín Maldonado*, res. el 9 de octubre de 2000, 152 D.P.R. _____ (2000), 2000 T.S.P.R. 151, 2000 J.T.S. 164.

Por su parte, el Ministerio Público tiene el deber de probar la existencia de causa justificada para la demora; o la renuncia expresa, voluntaria y con pleno conocimiento de su derecho por parte del imputado; o que el imputado fue quien ocasionó la tardanza. *Pueblo v. Cartagena Fuentes*, res. el 11 de octubre de 2000, 152 D.P.R. _____ (2000), 2000 T.S.P.R. 150, 2000 J.T.S. 163; *Pueblo v. Valdés Medina*, *supra*. Tomando en consideración los anteriores factores, examinemos los hechos ante nos.

Según consta en autos, el Ministerio Público solicitó la celebración de una vista preliminar en alzada el 8 de abril de 1999, es decir, restando diez (10) días para que finalizara el término con el que cuenta el Estado para la celebración de una vista preliminar en alzada. El Ministerio Público llevó a cabo su solicitud en tiempo hábil. Aunque este proceder no es el mejor ejemplo de diligencia, los diez (10) días restantes eran suficientes para la celebración de la vista preliminar en alzada. *Pueblo v. González Rivera*, 132 D.P.R. 517, 522

(1993). La vista fue señalada para el 4 de mayo de 1999, a los dieciséis (16) días de haber vencido el término para su celebración. Sin embargo, no se pudo llevar a cabo en la fecha indicada debido a que las partes no fueron citadas. Esta demora institucional indudablemente es atribuible a la falta de diligencia del Estado. Sin embargo, tal demora no puede reputarse como intencional ni opresiva, por lo cual debemos reconocer la falta de citación como una causa justificada para la dilación.

Ante la incomparecencia de las partes, el tribunal se vio en la necesidad de señalar la vista para el 18 de mayo de 1999, pero tampoco fue posible llevarla a cabo en tal fecha por la incomparecencia del Ministerio Público y de un testigo suyo que se encontraba en el Albergue de Testigos. Así las cosas, la vista fue pospuesta para el 25 de mayo de 1999, es decir, a los treinta y siete (37) días de haber transcurrido el término para llevar a cabo la vista preliminar en alzada. Aunque el Ministerio Público no ha indicado las razones que tuvo para no comparecer a la vista el 18 de mayo, la ausencia de la prueba de cargo constituye una causa justificada para la demora en la celebración de la vista.[5] *Pueblo v. Arcelay Galán*, *supra*, pág. 418. Más importante aún, la

---

[5] El propio peticionario en su alegato hace referencia a dicho testigo como la "prueba de cargo". El Ministerio Público no ha aludido a que contara con prueba adicional. De lo anterior puede colegirse la importancia de la comparecencia del testigo a la vista preliminar en alzada.

incomparecencia del testigo es también atribuible a la falta de diligencia del Estado ya que el testigo se encontraba en el Albergue de Testigos bajo la administración del Departamento de Justicia, por lo que fue el Estado quien no proveyó para el traslado de dicha persona de manera que pudiera comparecer a la vista el día señalado. Nuevamente, aunque estamos ante un proceder inadecuado, no podemos imputar que la demora fuera intencional u opresiva para el imputado.

Para finalizar nuestro análisis es necesario indicar que el peticionario no ha alegado que las demoras le ocasionaran algún perjuicio. El señor Ramos Ayala meramente se ha limitado a aducir que invocó oportunamente su derecho a juicio rápido y que la vista preliminar en alzada se llevó a cabo luego de transcurrido el término de sesenta (60) días establecido para su celebración.

"[C]orresponde al acusado establecer el perjuicio sufrido con la dilación, obligación que no se descarga con generalidades." Ernesto L. Chiesa, *Derecho procesal penal de Puerto Rico y Estados Unidos*, Vol. II, Bogotá, FORUM, 1992, § 12.1, pág. 153. De igual forma nos pronunciamos en *Pueblo v. Rivera Tirado*, *supra*, pág. 438, donde establecimos que el perjuicio ocasionado "[n]o puede ser abstracto ni apelar a un simple cómputo de rigor matemático. Tiene que ser real y sustancial". Para sostener la alegada violación al derecho a juicio

rápido el peticionario ha limitado su argumento a un estricto cómputo aritmético sin especificar el perjuicio que le produjo la dilación para llevar a cabo su defensa. A la luz de la totalidad de las circunstancias del presente caso, no podemos sostener el argumento del peticionario sobre violación a su derecho a juicio rápido. El remedio extremo de la desestimación solamente debe concederse luego de un ponderado análisis de los factores antes mencionados. En el caso de autos dicho análisis no favorece que este Tribunal ordene la desestimación de la denuncia contra el peticionario.

Por las razones antes expuestas, entendemos que no se infringió el derecho del señor Ramos Ayala a un juicio rápido y estamos conformes con la posición mayoritaria a los efectos de devolver el caso al foro de instancia para la continuación de los procedimientos.


MIRIAM NAVEIRA DE RODÓN
Jueza Asociada