EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* RAFAEL VÉLEZ DÍAZ, acusado y apelante.

*Número:* CR-76-155      *Resuelto:* 30 de noviembre de 1976

*Wilfredo Pérez Candelaria, Eugenio Alemañy Fernández* y *Nicanor Laguillo Rodríguez,* abogados del apelante; *Roberto Armstrong, Jr., Procurador General Interino,* y *Miguel A. Santana Bagur, Procurador General Auxiliar,* abogados de El Pueblo.

PER CURIAM: Se acusó al apelante de homicidio voluntario por agredir mortalmente con unas tijeras a Tracy Walter Watanabe en ocasión de una súbita pendencia. El jurado lo halló culpable por mayoría de nueve a tres. El 24 de noviembre de 1971 el juez, Hon. Alfredo Archilla Guenard, sentenció al apelante a cumplir una pena de cinco a diez años de presidio. Se suspendió la sentencia y quedó el apelante en libertad a prueba. El único planteamiento ante nos es que se cometió error de derecho al no disolverse el jurado por no haber llegado éste en cuatro ocasiones a un acuerdo.

El desfile de la prueba duró la mayor parte de un día. Aproximadamente a las 4:45 P.M. el jurado comenzó a deliberar. Regresó a las 6:00 P.M. y su presidente le informó al juez que no se había llegado a un acuerdo. (T.E. págs. 158–161.) El juez les indicó que continuaran sus deliberaciones. A las 6:35 P.M. regresaron, otra vez sin producir veredicto. (T.E. pág. 162.) El juez dio instrucciones para que comieran y siguieran deliberando. A las 9:00 P.M. volvieron a sala por

tercera vez sin haber llegado a un acuerdo. El juez les instruyó a continuar deliberando y, en ausencia del jurado, hizo preparativos para hospedarlos esa noche en un hotel de la ciudad. El juez señaló, también en ausencia del jurado, que estaba reacio a disolverlo porque un testigo esencial era japonés y saldría del país dentro de ocho días para no regresar. (T.E. págs. 165–167.) Cuando a las 11:00 P.M. el jurado aún no había llegado a un acuerdo, el juez ordenó que se le hospedase para continuar las deliberaciones al día siguiente.

El día siguiente el jurado le solicitó al juez que le repitiese las instrucciones sobre homicidio voluntario y le formuló una pregunta sobre la admisibilidad de unas piezas que no le fueron sometidas. El juez le explicó que tales piezas no eran admisibles y le repitió las instrucciones referentes al delito, a la defensa propia (la alegación del apelante), a los posibles veredictos que podían rendirse y al *quantum* de prueba necesario para condenar. (T.E. págs. 171–188.) El jurado salió a deliberar a las 10:23 A.M. y regresó a las 11:00 A.M. con el veredicto de referencia.

La Regla 144 de las de Procedimiento Criminal dispone en su parte pertinente:

"El Tribunal podrá ordenar la disolución del jurado antes del veredicto en los siguientes casos:

(c) Si la deliberación se prolongare por un lapso de tiempo que el tribunal estimare suficiente para concluir de una manera clara y evidente no haber posibilidad de que el jurado pudiera llegar a un acuerdo."

Esta regla deriva fundamentalmente de la legislación de California. En la jurisdicción federal rige una norma análoga, por lo que debemos examinar la jurisprudencia de uno y otro sitio por el valor persuasivo que pueden tener en la decisión de este asunto.

■ Tanto en California como en la jurisdicción federal se le reconoce amplia discreción al juez para resolver si hay

posibilidad de que el jurado llegue a un acuerdo. El tiempo es tan solo un factor entre varios a considerar. *People* v. *Caradine*, 44 Cal. Rept. 875 (1965); *Paulson* v. *Superior Court*, 372 P.2d 641 (Cal. 1962); *Government of Virgin Islands* v. *Gereau*, 502 F.2d 914, 935–6 (3d Cir. 1974); *United States* v. *Alper*, 449 F.2d 1223 (3d Cir. 1971); *United States* v. *Cagle*, 448 F.2d 644 (5th Cir. 1971); *De Vault* v. *United States*, 338 F.2d 179 (10th Cir. 1964).

■ En estos casos se permitió mantener al jurado deliberando entre dos horas y media a treinta y nueve horas y media (en el transcurso de cinco días), dependiendo, entre otras cosas, de la complejidad del caso. En el caso de autos el jurado deliberó por menos de siete horas, aun sin descontar el tiempo que estuvo cenando.

■ Para evaluar aquí la actuación del juez hay que recordar, además, que un testigo principal de cargo estaba próximo a ausentarse del país para siempre, lo que con toda posibilidad entrañaba el archivo del caso. El juez podía intentar retenerlo mediante los mecanismos de emergencia que brinda la Regla 238, pero de igual modo podía ejercer su discreción ordenando la continuación de las deliberaciones si estimaba que aún existía posibilidad de que el jurado llegase a un acuerdo. Sin embargo, la dificultad para retener este testigo para un segundo juicio no surge como elemento coactivo en las reiteradas órdenes del juez para continuar las deliberaciones.

■ En Puerto Rico hemos resuelto que el juez de instancia está en mejor posición que este Tribunal para resolver si se justifica o no disolver el jurado. Si existe base razonable para la actuación del juez no intervendremos con su determinación. *Piñero Agosto* v. *Tribunal Superior*, 94 D.P.R. 204, 215, 219 (1967); *Pueblo* v. *Arteaga Torres*, 93 D.P.R. 148, 153 (1966). Dentro de las circunstancias concretas de este

caso no consideramos que el tribunal de instancia se excedió en sus funciones.

*Se confirmará la sentencia apelada.*