EL PUEBLO DE PUERTO RICO, demandante y recurrido, *v.* AMÉRICO REYES HERRANS, acusado y peticionario.

*Número:* O-76-75 *Resuelto:* 24 de enero de 1977

*Luis Arturo Sánchez Rodríguez,* abogado del peticionario; *Miriam Naveira de Rodón, Procuradora General,* y *Justo Gorbea Varona, Procurador General Auxiliar,* abogados de El Pueblo.

EL JUEZ ASOCIADO SEÑOR DÁVILA emitió la opinión del Tribunal.

El 15 de abril de 1974 el peticionario arrolló a un niño con el vehículo que conducía. Ese mismo día se radicó denuncia por homicidio involuntario. Se le celebró juicio, luego de varias suspensiones el 2 de septiembre de 1975. De acuerdo con la minuta de esa fecha el juez terminó de impartir las instrucciones a las once de la mañana. Después de la designación del presidente, el jurado se retiró a deliberar, regresan-

do a las 12:05 P.M. informando que no podía ponerse de acuerdo. "... [L]uego de investigar al presidente del jurado si era necesario una instrucción adicional y éste informar que no hay acuerdo e informar el fiscal y la defensa que lo más conveniente es un nuevo juicio. ...." el tribunal disolvió el jurado y señaló el nuevo juicio para el 3 de noviembre siguiente. Ese día el juicio se suspendió "sin oposición de la defensa", [1] por estar el tribunal ocupado en la celebración de otro juicio, y se señaló para el 28 de enero de 1976. El 13 de enero el acusado radicó moción de archivo fundándose en "que este caso tenía que verse en o antes del día 2 de enero de 1976, fecha en que vencían los 120 días que contempla la Regla 64 (n) (4 de las de Procedimiento Criminal vigente."

El tribunal declaró sin lugar la moción de archivo. Accedimos a revisar esa actuación.

 Repetidamente hemos expresado que el derecho a un juicio rápido es fundamental, *Pueblo* v. *Arcelay Galán*, 102 D.P.R. 409 (1974); *Jiménez Román* v. *Tribunal Superior*, 98 D.P.R. 874 (1970); pero también se reconoce que el concepto "juicio rápido" es uno flexible que requiere tomar en cuenta las circunstancias que rodean cada reclamo de ese derecho. En *Baker* v. *Wingo*, 407 U.S. 514 (1972), se cita *Beavers* v. *Haubert*, 198 U.S. 77 (1905), al efecto de que "El derecho a un juicio rápido es una cuestión puramente relativa. Depende de muchísimas circunstancias y debe ajustarse a los consabidos aplazamientos. Garantiza los derechos del acusado; pero no excluye los derechos de la justicia pública."

 En *Arcelay Galán* expresamos que el Tribunal Supremo de los Estados Unidos en *Baker*, había rehusado "establecer procedimientos en este campo para los estados federados, a los que deja libres para fijar su definición de juicio rápido en forma consistente con ciertas normas federales mínimas." Y apuntamos que en Puerto Rico habíamos establecido

---

[1] Así surge de la minuta correspondiente a esa fecha.

ciertas normas procesales para garantizar el derecho a un juicio rápido desde principios del siglo al incorporar en el Código de Enjuiciamiento Criminal el Art. 448 con raíces californianas. Al aprobar las Reglas de Procedimiento Criminal en el año 1963, incorporamos el mismo concepto en la Regla 64.

Sentado lo anterior, procede determinar si los hechos de este caso están previstos por la Regla 64 y de no estarlos si se le ha violado el derecho a un juicio rápido garantizado por el Art. II, Sec. 11 de la Constitución de Puerto Rico.

Dispone la Regla 64 que "La moción para desestimar la acusación o denuncia . . . solo podrá basarse en uno o más de los siguientes fundamentos:

. . . . . . . .

(n) Que existen una o varias de las siguientes circunstancias, a no ser que se demuestre justa causa para la demora o a menos que la demora para someter el caso a juicio se deba a la solicitud del acusado o a su consentimiento:

. . . . . . . .

(4) Que el acusado no fue sometido a juicio dentro de los ciento veinte días siguientes a la presentación de la acusación o denuncia."

Nada dispone la regla transcrita sobre la situación presente en el caso de autos. Aquí se había sometido a juicio al acusado dentro del término de ley. Al jurado no ponerse de acuerdo se señaló un nuevo juicio. No hay término en ley para celebrar un nuevo juicio. No obstante entendemos que debe celebrarse dentro de un tiempo razonable que sea consistente con el requisito de juicio rápido que garantiza la Constitución. Lo importante es que la demora no sea irrazonable. En este caso no lo fue. *Jiménez Román* v. *Tribunal Superior*, supra.

Hace más de setenta años este Tribunal se enfrentó con unos hechos similares. En *Pueblo* v. *Rivera (a) Panchito*, 9 D.P.R. 505–510 (1905), el Juez MacLeary al considerar la

cuestión de si un nuevo juicio ordenado por el Tribunal Supremo debe celebrarse dentro de 120 días siguientes a la decisión del Tribunal, expresó:

"Esta sección no tiene referencia a una causa después que ésta haya sido llevada ante el Tribunal Supremo y revocada por el mismo, según claramente resulta de la lectura de la misma ley, que exige que el juicio se verifique dentro de los ciento veinte días después de la presentación de la acusación. Por supuesto, esto sería imposible, después de haberse llevado la causa en apelación ante el Tribunal más alto; y no hay autorización para insertar—como el apelante en efecto trata de hacer—en lugar de las palabras 'después de la presentación de la acusación', las palabras 'después de la concesión de un nuevo juicio por el Tribunal Supremo'. Si la intención de la legislatura hubiese sido establecer disposición alguna para un caso como el de que se trata, dicho cuerpo, sin duda, habría añadido otro párrafo a la ley expresando claramente tal intención."

Ver además *Ex parte Arroyo*, 15 D.P.R. 127–128 (1909); *In re Alpine*, 203 Cal. 731–734 (1928), resolvió en igual forma. (2)

---

(2) En California se enmendó el artículo correspondiente precursor de la Regla 64(n) nuestra, el 1382 del Código Penal, en el 1951 para incorporar este concepto en sus disposiciones. El Art. 1382 en su parte pertinente dispone:

"A menos que exista justa causa para decidir lo contrario, el tribunal ordenará la desestimación de la acción en los siguientes casos:

"1. . . .

"2. Cuando el acusado no ha sido sometido a juicio por un tribunal superior dentro de un término de 60 días a partir de la fecha en que se presentó la acusación o denuncia, o, cuando la causa ha de ser vista nuevamente tras haberse declarado nulo el juicio, en caso de una orden concediendo un nuevo juicio, cuya orden no ha sido apelada, o en presencia de una apelación del tribunal superior dentro del término de 60 días después de haberse declarado nulo el juicio, de haberse registrado la orden de nuevo juicio, o de haberse presentado la remisión de los autos al tribunal sentenciador; excepto que bajo las disposiciones de este inciso la desestimación de la acción no procede si el juicio se señala para una fecha posterior al término de 60 días a petición del acusado o con su consentimiento expreso o tácito, o por motivo de su negligencia o incomparecencia, y, si el acusado es sometido a juicio en la fecha señalada para ello o dentro de los diez días siguientes."

■ No estando incluida la situación planteada por el peticionario en las disposiciones de la Regla 64 (n) procede determinar, independientemente de este hecho, si se le ha violado su derecho a juicio rápido. *Pueblo* v. *Opio Opio*, 104 D.P.R. 165 (1975). Como antes apuntamos surge de la minuta que el jurado en el juicio celebrado en septiembre de 1975 apenas estuvo deliberando durante una hora. Asimismo surge que el fiscal y la defensa informaron "que lo más conveniente es un nuevo juicio" y que se señaló para el 3 de noviembre siguiente. (³) La vista señalada para ese día no pudo celebrarse por tener pendiente un juicio por jurado. Se pospuso el juicio para el 28 de enero de 1976 "sin oposición de la defensa." Ver *Sykes* v. *Superior Court of Orange County*, 507 P.2d 90 (Cal. 1973), donde el Tribunal Supremo de California expresa que "La única obligación que la ley impone a un acusado para proteger su derecho a un juicio rápido consiste en presentar objeción cuando su juicio ha sido fijado para una fecha posterior al período establecido por ley y entonces proceder a presentar una moción de desestimación una vez dicho período haya expirado, o simplemente presentar una moción de desestimación si el período establecido por ley expira sin que se haya fijado la fecha del juicio." Además, mal puede un acusado a quien se le ha celebrado un juicio con todo lo que ello significa en tiempo y gastos, que opta por aceptar la disolución del jurado cuando apenas ha deliberado una hora, alegar en estas circunstancias que se le ha vulnerado su derecho a juicio rápido. Tuvo la oportunidad de que su caso se resolviera y se avino a la disolución del jurado, sin que éste hubiera agotado las oportunidades de rendir un vere-

---

(³) Lee así la minuta de ese día:

"El Tribunal, luego de investigar al presidente del jurado si era necesario una instrucción adicional y éste informar que no hay acuerdo e informar el fiscal y la defensa que lo más conveniente es un nuevo juicio, expone lo siguiente: Dada la situación que consta en récord que hay desacuerdo con el presidente del jurado, el Tribunal entiende que lo procedente es un nuevo juicio y se disuelve el jurado."

dicto. El tiempo transcurrido a partir de la fecha en que terminó el primer juicio no es tan largo que resulte en una denegación a su derecho a juicio rápido.

Recientemente en *Hernández Pacheco* v. *Flores Rodríguez,* 105 D.P.R. 173 (1976), expresamos:

"El derecho a juicio rápido, garantizado por el Art. II, Sec. 11 de la Constitución de Puerto Rico se cumple en reglas procesales, en la realidad vital y en la función práctica de día a día del sistema de justicia criminal. Hemos resuelto que la demora indebida en los procedimientos anteriores a la acusación contraviene ese derecho. *Pueblo* v. *Opio Opio,* 104 D.P.R. 165 (1975). Pero tanto los derechos del acusado, como los de la sociedad interesada en juzgarlo, no son prisioneros de la tiesa aritmética de la regla. Hay elementos de justa causa para la demora que reconcilian el derecho a juicio rápido con las circunstancias reales de cada caso y los derechos del acusado han de atemperarse a la administración práctica de justicia. *Beavers* v. *Haubert,* 198 U.S. 77 (1905). La garantía constitucional es importante salvaguardia que evita el encarcelamiento indebido y opresivo anterior al juicio; minimiza la ansiedad y preocupación que conlleva una acusación pública; y reduce la posibilidad de que una larga tardanza menoscabe los medios de defensa del acusado. *United States* v. *Ewell,* 383 U.S. 116 (1966). Si la demora en la prosecución del caso llega al punto de privación inconstitucional de derechos, es cuestión que depende de las circunstancias. Queda excluida como justa causa aquella demora intencional u opresiva. *Pollard* v. *United States,* 352 U.S. 354 (1957)."

■ Que "los derechos del acusado, como los de la sociedad interesada en juzgarlo, no son prisioneros de la tiesa aritmética de la regla," lo demuestra la propia Regla 67 (⁴) que permite la radicación de una nueva acusación en casos de delitos graves. Ciertamente los acusados de estos delitos tie-

---

(⁴) La Regla 67 de las de Procedimiento Criminal dispone:

"Una resolución declarando con lugar una moción para desestimar no será impedimento para la iniciación de otro proceso por el mismo delito a menos que el defecto u objeción fuere insubsanable, o a menos que tratándose de un delito menos grave (*misdemeanor*) dicha moción fuere declarada con lugar por alguno de los fundamentos relacionados en la Regla 64 (n)."

nen también derecho a que se le celebre un juicio rápido. El hecho de que pueda radicarse una nueva acusación en casos de delitos graves demuestra que el término de 120 días establecido en la Regla 64 no es el único factor determinante de si se le ha violado el derecho que le reconoce la Constitución.

■ Por otro lado, el juez no debió acceder a disolver el jurado tan prontamente. El disolver un jurado apenas ha comenzado a deliberar, plantea serias cuestiones en la administración de la justicia. Los jueces deben tener presente lo expresado en *Lugo* v. *Tribunal Superior*, 99 D.P.R. 244, 251 (1970), al efecto de que "[e]l que se rinda un veredicto beneficia al Estado y al acusado por igual. El Estado se beneficia porque no tiene que incurrir en el esfuerzo y los gastos que un nuevo juicio conlleva, además de que no se aumenta la congestión del calendario. El acusado se libra de tener el agobio de una acusación pendiente y los gastos y molestias que entrar de nuevo a juicio conlleva," y en los casos que lo ameriten debe instruir al jurado para que continúe deliberando y trate de llegar a un veredicto, y sólo deben disolverlo cuando se convenzan de que es imposible para el jurado ponerse de acuerdo. *Pueblo* v. *Vélez Díaz*, 105 D.P.R. 386 (1976); *United States* v. *Johnson*, 432 F.2d 626 (D.C. Cir. 1970).

*Se confirmará la resolución recurrida.*

El Juez Asociado Señor Irizarry Yunqué disintió en opinión separada con la cual concurre el Juez Presidente Señor Trías Monge.

—O—

Opinión disidente del Juez Asociado Señor Irizarry Yunqué con la cual concurre el Juez Presidente Señor Trías Monge.

San Juan, Puerto Rico, a 24 de enero de 1977

"Un estatuto debe ser interpretado de manera que no derrote un propósito constitucional." *Martínez* v. *Tribunal Su-*

*perior*, 81 D.P.R. 945, 953 (Santana Becerra, 1960). La Constitución consagra el derecho a juicio rápido—Art. II Sec. 11 —que ha sido considerado como uno de naturaleza fundamental. *Jiménez Román* v. *Tribunal Superior*, 98 D.P.R. 874, 876 y 881 (Dávila, 1970). La Regla 64(n)(4), Reglas de Procedimiento Criminal, 1963, que en cuanto a lo que aquí nos concierne es idéntica al Art. 448 del Código de Enjuiciamiento Criminal, del cual procede, es la manera estatutaria de concretar en la práctica el citado precepto constitucional para que no tengan que ser los tribunales quienes dispongan su propia versión en términos de tiempo. *Martínez*, supra, págs. 953 y 954.

La opinión del Tribunal hace una interpretación restrictiva de dicha Regla como si el derecho a juicio rápido, concebido en términos de un plazo de 120 días, quedase al arbitrio de los tribunales. A mi juicio la intención legislativa está claramente estatuida en el precepto que comentamos, y en su antecesor, Art. 448, que dispone que 120 días debe ser el plazo máximo que tenga el Estado para enjuiciar a un acusado de delito, salvo que exista justa causa. Interrumpido dicho término, no debe quedar en el aire y sin concreción alguna en cuanto a plazo se refiere el derecho a juicio rápido.

En línea con este criterio resolvió este Tribunal en *Pueblo* v. *Cepeda*, 31 D.P.R. 489 (1923), que si bien la suspensión del juicio solicitada por el acusado constituye una renuncia al derecho a juicio rápido, debe celebrársele juicio dentro de los 120 días siguientes. Dijo este Tribunal (pág. 490): "Si después de la suspensión la corte no señala la vista para dentro de un término razonable en armonía con el espíritu de la ley, concretado en cuanto a término razonable en el artículo 448 del propio Código de Enjuiciamiento Criminal, surge necesariamente en el acusado de nuevo el derecho a pedir el sobreseimiento." El término del Art. 448 era, como ahora, 120 días a partir de "la presentación de la acusación."

También en armonía con este principio se ha resuelto re-

petidamente que el término de 120 días se aplica a las causas apeladas del Tribunal de Distrito al Superior, debiendo computarse a partir de la fecha en que los autos queden radicados en este último tribunal. *Pennington* v. *Corte*, 60 D.P.R. 260 (1942); *Pueblo* v. *Balzac*, 56 D.P.R. 649 (1940); *Pueblo* v. *Ortiz*, 51 D.P.R. 379 (1937); *Pueblo* v. *Romero*, 39 D.P.R. 557 (1929); *Pueblo* v. *Correa*, 34 D.P.R. 884 (1926); *Pueblo* v. *Mercado*, 27 D.P.R. 568 (1919). En *Balzac* resolvimos que el no oponerse el acusado a la posposición no milita contra su derecho al sobreseimiento. Es que las renuncias a los derechos fundamentales no se presumen. *F.S.E.* v. *Comisión Industrial*, 105 D.P.R. 261 (1976). Deben ser "expresas y no presuntas, así como voluntarias y efectuadas con pleno conocimiento de causa." *Pueblo* v. *Arcelay Galán*, 102 D.P.R. 409, 415 (1974); *Pueblo* v. *Morales Romero*, 100 D.P.R. 436 (1972).

El Tribunal se apoya principalmente en lo que respecta al análisis de la Regla 64 de las de Procedimiento Criminal, en los casos de *Pueblo* v. *Rivera (a) Panchito*, 9 D.P.R. 505 (1905) y *Ex Parte Arroyo*, 15 D.P.R. 127 (1909). Estas decisiones se fundaron en lo dispuesto en las disposiciones del Art. 448, ordinal segundo, del Código de Enjuiciamiento Criminal de 1902, derivado del Art. 1382 del Código Penal de California y fuente de nuestra Regla 64. La base de estas decisiones es hoy cuestionable. Las razones, sean de índole semántica o de orden público, para sostener que, de disolverse el jurado, resultan inaplicables los términos del antiguo Art. 448 y de la actual Regla 64 no son del todo claras y de hecho confligen con la garantía constitucional del juicio rápido.

En apoyo de la continuada validez de estas decisiones de comienzo de siglo, se alude a la enmienda que sufrió en 1951 el artículo 1382(2) del Código Penal de California para aclarar la aplicabilidad del término allí dispuesto a situaciones en que se ha disuelto el jurado. La inferencia es que exige enmienda la Regla 64(n) para lograr tal propósito. La reali-

dad, no obstante, es que la referida enmienda simplemente reconoció el tratamiento jurisprudencial del problema.

En *People* v. *Cryder*, 90 C.A.2d 194 (1942), ya se había resuelto que a partir de la disolución comenzaba a contar un nuevo término de 60 días. En *People* v. *Angelopoulos*, 30 C.A.2d 538 (1939), se determinó que la acusación debía desestimarse por no haberse presentado dentro de los 60 días a partir de la disolución del jurado. Al mismo efecto: *In re Scott*, 81 Cal.App. 577 (1927).

Es interesante señalar también que en California se resolvió desde temprano en este siglo que el derecho a juicio rápido contenido en la Constitución de California protegía al acusado que se iba a someter a un nuevo juicio después de la disolución de un jurado. Por tal razón se entendió, bajo una base distinta a los casos ya mencionados, que a partir de la disolución comenzaba a transcurrir otro término de 60 días. *In re Begerow*, 133 Cal. 249–354 (1901).

La doctrina de *In re Begerow*, supra, fue rechazada por este Tribunal en *Ex parte Arroyo*, supra, debido a que el caso de *Begerow* no era de aplicación por haberse resuelto a la luz de una disposición constitucional específica. En vista de que ahora existe en el Art. II, Sec. 11 de nuestra Constitución un artículo equivalente al de California queda sin fundamento, por tanto, el razonamiento de este Tribunal en *Ex parte Arroyo*. Lo que el caso ante nos plantea es exactamente la oportunidad de hacer en 1977 en Puerto Rico lo que las cortes de California hicieron desde 1901, ya que, como se ha visto, no es necesario intervención legislativa para ampliar el alcance del precepto estatutario.

En el caso ante nos no se ha sometido razón alguna que pueda constituir justa causa para no celebrar juicio al acusado dentro de los 120 días siguientes al juicio en que el jurado no llegó a un acuerdo. El acusado compareció preparado para el juicio señalado para el 3 de noviembre. Se suspendió por estar el tribunal celebrando otro juicio. El nuevo señala-

miento para el 28 de enero de 1976—148 días después del primer juicio—violó el derecho del acusado a un juicio rápido. La congestión en el calendario del tribunal no constituye justa causa. *Jiménez Román* v. *Tribunal Superior*, supra, pág. 883, y casos allí citados. Tampoco puede constituirla, como parece insinuarse en la opinión del Tribunal, que el acusado no protestara de que el tribunal disolviere el jurado luego de éste manifestar, tras una hora de deliberación, que no podía ponerse de acuerdo. Convengo que el tribunal debió ser más exigente y requerir esfuerzos adicionales al jurado para que tratara de llegar a un veredicto. Porque no lo fuera no debe afectarse el derecho del acusado a ser juzgado prontamente después de disolverse el jurado.

No creo que el término de 120 días para la celebración del juicio se considere un término demasiado largo. Desde que lo adoptamos aquí en 1902, al adoptar el Código Penal de California, lo hemos estado aplicando. Señalamos en *Arcelay Galán*, supra, pág. 414, que de hecho se recomiendan términos mucho más cortos. En la norma 4.10(1)(c) del estudio publicado por la National Advisory Commission on Criminal Justice Standards and Goals se expresa como un objetivo de todo sistema criminal de justicia a lograrse para 1978, el hecho de que se celebre todo juicio por delito grave después de la disolución de un jurado no más tarde de 60 días del "Mistrial". National Advisory Commission on Criminal Justice Standards and Goals, *Corrections* 1973, pág. 138. Aunque no se disponen términos comparables, se recomienda que se impongan en la Sec. 2.2 de la A.B.A., "Standards Relating Association to Administration for Criminal Justice", 1974.

Revocaría la sentencia del tribunal de instancia.