# 2003 DTA 102

## TRIBUNAL DE CIRCUITO DE APELACIONES
## CIRCUITO REGIONAL III DE ARECIBO/UTUADO

EL PUEBLO DE PUERTO RICO
Peticionario

v.

JAIME L. TORRES GONZALEZ; CARMELO MEDINA GRAU; LUIS MORALES RIVERA
Recurridos

Núm. KLCE-2003-00545

San Juan, Puerto Rico, a 11 de junio de 2003

Panel integrado por su Presidente, el Juez Soler Aquino,
y los Jueces Colón Birriel y Escribano Medina

Escribano Medina, Juez Ponente

## TEXTO COMPLETO DE LA SENTENCIA

Mediante la comparecencia del Procurador General, el Pueblo de Puerto Rico, en adelante el peticionario, nos solicita la revocación de la resolución emitida el 27 de marzo de 2003 por el Tribunal de Primera Instancia, Sala Superior de Utuado (Hon. Susana C. Serrano Montesi, J.), en adelante el Tribunal. Al amparo de la Regla 64(n) de las de Procedimiento Criminal, 34 L.P.R.A. Ap. II, R. 64(n), dicho foro desestimó los cargos criminales presentados contra los recurridos Jaime Torres González, Carmelo Medina Grau y Luis Morales Rivera.

### I

De conformidad con los autos, el 3 de agosto de 2001, se formularon dos (2) cargos criminales contra el recurrido Carmelo Medina Grau por infracciones al Artículo 401 de la Ley de Sustancias Controladas, 24 L.P. R.A. sec. 2401, ya que alegadamente poseía las drogas conocidas como marihuana y heroína con la intención de distribución. Por otro lado, contra los demás recurridos se radicaron denuncias por alegadas violaciones al Artículo 404 de la misma ley.

Luego de las correspondientes determinaciones de causa probable en la vista preliminar, el 1ro. de octubre de 2001 se celebró el acto de lectura de acusación contra los recurridos. La celebración del juicio en su fondo fue señalada para el 1ro. de noviembre de 2001.

Posteriormente, el 15 de octubre de 2001, el recurrido Jaime Torres González presentó una *"Moción Solicitando Supresión de Evidencia"* en la cual alegó que la intervención realizada contra los recurridos fue irrazonable, ya que la aseveración de los agentes del orden público era físicamente imposible.

El 26 de octubre de 2001, el Tribunal señaló para el 1ro de noviembre de 2001, la celebración de una vista evidenciaria para atender la susodicha moción de supresión de evidencia. El 31 de octubre de 2001, el Ministerio Público se opuso mediante moción.

Luego de estos trámites, el proceso penal de epígrafe se convirtió en uno sumamente accidentado, el cual se vio afectado por muchísimas suspensiones. Para fines ilustrativos, haremos un recuento de los eventos pertinentes que dieron base a cada suspensión, según surge de las minutas incluidas en el Apéndice del Recurso:

*"1ro de noviembre de 2001*

*'Siendo las 11:30 de la mañana aún no se ha terminado de trabajar el calendario de la Sala 4 y en vista de que esta Supresión de Evidencia pudiera tomar más de una hora, tendría que señalarse para las 2:00 de la tarde; sin embargo, existe reunión de Jueces pautada para esa hora, razón por la cual se transfiere vista supresión de evidencia para el 13 de diciembre de 2001 a las 9:00 a.m. y juicio en su fondo para la misma fecha.' Véase la página 20 del Apéndice del Recurso de Certiorari.*

*13 de diciembre de 2001*

*'Suspendido para el 24 de enero de 2002 a las 10:00 a.m. a petición de: la defensa tiene una continuación de juicio en la Sala I, la prueba del Ministerio Público no pueda estar presente.' Véase la página 21 del Apéndice del Recurso de Certiorari.*

*24 de enero de 2002*

*'El fiscal Delgado informó que los agentes no podrán asistir en horas de la tarde debido a que los llamaron para un operativo, pero advirtió a los agentes que no se suspenderá nuevamente la vista. El Tribunal reseñala la vista para el 7 de marzo de 2002 a la 1:30 p.m.' Véase la página 22 del Apéndice del Recurso de Certiorari.*

*7 de marzo de 2002*

*'Llamado el caso en cámara para la celebración de la vista de supresión de evidencia, no están las partes. El Juez Oscar Sánchez Lamboy recibió información de parte del teniente José Cruz Caballero, Oficial de Enlace, quien manifestó que el Agte. Héctor Cotto está enfermo y no podrá comparecer en el día de hoy.' Véase la página 23 del Apéndice del Recurso de Certiorari.*

*18 de abril de 2002*

*'Llamados los casos para la celebración de la vista de supresión de evidencia, comparecen todos los acusados (bajo fianza). No comparecen los licenciados Francisco Rivera Bujosa y Octavio Rivera Bujosa. Comparece en representación del Ministerio Fiscal, el Lcdo. Agustín Montañez Allman.*

*En horas de la mañana, se recibió llamada de la oficina de los licenciados Rivera Bujosa en la cual informaron que no podrían comparecer en horas de la mañana, ya que se dirigían a otros tribunales debido a que entendían que estos casos estaban señalados para horas de la tarde.*

...

Se emite orden de arresto contra el Agte. Héctor Cotto Rivera con fianza de $500.00 por su incomparecencia en el día de hoy.' Véase la página 24 del Apéndice del Recurso de Certiorari.

30 de mayo de 2002

'Comienza el testimonio del agente Cotto; el juez que preside se percata que en este caso estuvo involucrado un menor. Luego de las partes dialogar fuera de récord, el Juez que preside se inhíbe en este caso, ya que había intervenido en un caso de un menor con hechos relacionados a este caso. Manifiesta la defensa que no tiene reparo en que sea el juez que preside quien determine en cuanto a este caso, el juez agradece el voto de confianza demostrado por la defensa; sin embargo, el juez se inhíbe de ver el caso, ya que tuvo contacto con la prueba del mismo.

Luego de haber dialogado con el Juez Administrador, se refiere el expediente a la consideración del Juez Luis F. Navas de León, Salón de Sesiones IV.' Véase la página 32 del Apéndice del Recurso de Certiorari.

30 de mayo de 2002

'Debido a que el calendario para el día de hoy está sumamente cargado, el Tribunal reseñala la vista para el próximo 28 de junio de 2001, a la 1:00 de la tarde.' Véase la página 33 del Apéndice del Recurso de Certiorari.

28 de junio de 2002

'El Lcdo. Rivera Bujosa solicita la transferencia de la vista por motivos de salud. El Tribunal, conforme a dicha solicitud, reseñala la vista para el próximo 16 de agosto de 2002, a las 8:30 A.M.' Véase la página 34 del Apéndice del Recurso de Certiorari.

22 de agosto de 2002 ▮

'Llamados los casos para la vista de supresión de evidencia, comparecen los acusados, comparece el Lic. Francisco Rivera Bujosa en representación del acusado Luis Morales Rivera. El Lic. Octavio Rivera Bujosa no comparece. El Ministerio Público representado por el fiscal José Acevedo.

Indica el Lic. Rivera Bujosa el caso fue notificado por correo y recibió la misma ayer.

Se suspende la vista para el día 17 de octubre de 2002, 8:30 A.M.' Véase la página 36 del Apéndice del Recurso de Certiorari.

17 de octubre de 2002

'Por estipulación de las partes, el Tribunal reseñala la vista de supresión de evidencia para el 21 de noviembre de 2002 a la 1:30 p.m. Obedece la suspensión a que el agente Cotto tiene que comparecer al Tribunal de Arecibo, so pena de desacato.' Véase la página 37 del Apéndice del Recurso de Certiorari.

21 de noviembre de 2002

'A petición de la defensa, el Tribunal reseñaló la vista supresión de evidencia para el 6 de diciembre de 2002 a las 8:30 a.m. Obedece la suspensión a que el licenciado Rivera Bujosa continuará en el día de hoy un

caso por jurado a la 1:30 de la tarde en la Sala I. Además, el agente Cotto se encuentra de vacaciones.' Véase la página 38 del Apéndice del Recurso de Certiorari.

*16 de diciembre de 2002*

'Llamado el caso de epígrafe en el día de hoy para la celebración de vista supresión de evidencia, no comparecen los acusados, pero sí su representación legal, Lcdo. Octavio Rivera Bujosa. El Ministerio Público estuvo representado por su fiscal, Hon. Isabel Lugo Báez.

La defensa manifiesta que sus representados no han comparecido, ya que por error involuntario los citó para las horas de la tarde.

El Tribunal, por tener otros asuntos pendientes en la tarde, transfiere la vista supresión de evidencia para el 24 de enero de 2003 a las 8:30 de la mañana.' Véase la página 39 del Apéndice del Recurso de Certiorari.

*24 de enero de 2003*

'Luego de un recuento del expediente, se hace constar que ha habido varias suspensiones, de las cuales la mayoría de ellas obedece a la incomparecencia del Agte. Héctor M. Cotto. En el día de hoy, tampoco ha comparecido. En su consecuencia, se ordena su citación con orden de mostrar causa.

La defensa sugiere que se reseñale el caso para el mes de marzo.

Se reseñala vista para el 7 de marzo de 2003 a las 9:00 a.m.' Véase la página 40 del Apéndice del Recurso de Certiorari.

*20 de marzo de 2003*

'Se informa que el Agte. Cotto no está presente, dado una situación de salud con su señora esposa. En adición, se informa que el fiscal asignado para ver el caso es el Hon. Agustín Montañez Allman y en el día de hoy tiene reunión en el Colegio de Abogados, situación que le impide ver el caso. En su consecuencia, se transfiere vista para el 27 de marzo de 2003 a las 9:00 a.m.' Véase la página 41 del Apéndice del Recurso de Certiorari.

*27 de marzo de 2003*

'La defensa en el presente caso solicita el archivo de los casos al amparo de la Regla 64-N.

El Ministerio Público objeta la solicitud de la defensa, por entender que cuando hay una Supresión Evidencia, ésta interrumpe de alguna manera los términos en el caso.

La Juez que preside indica que no es correcto lo informado por el Fiscal, ya que no existe una regla que indique que una Supresión de Evidencia interrumpe los términos en los casos.

El Tribunal indica para récord que el Agte. Cotto, en el presente caso, se ha ausentado en retiradas ocasiones en relación a este caso y por esta razón se desestima los presentes casos; tanto es así que todavía hay una orden de mostrar causa contra éste que no ha sido resuelta; por lo que se ordena que se le notifique copia de esta minuta al Superintendente de la Policía, Hon. Víctor Rivera.' Véase la página 1 del Apéndice del Recurso de Certiorari."

*Según la minuta del 27 de marzo de 2003, el Tribunal desestimó los cargos al amparo de la Regla 64(n) porque uno de los testigos de cargo (Agte. Cotto Rivera) se había ausentado a varios señalamientos.*

Inconforme, el peticionario nos presenta el siguiente señalamiento de error:

*"Erró el Tribunal de Primera Instancia al desestimar la causa criminal contra los recurridos sobre las bases de que la dilación en la tramitación de una solicitud de supresión de evidencia, es una razón de interrupción del procedimiento no imputable a aquéllos y sí al Estado."* █

Luego de examinada la posición del peticionario, así como el derecho aplicable, estamos en condiciones de resolver. █

## II

La Sexta Enmienda de la Constitución de los Estados Unidos establece que:

*"In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed, which district shall have been previously ascertained by law, and to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to have the Assistance of Counsel for his defence."*

Por su parte, la Sección 11, Artículo II de la Constitución del Estado Libre Asociado de Puerto Rico reconoce que todo *"acusado disfrutará del derecho a un juicio rápido y público"* y que además tiene el derecho *"a tener asistencia de abogado"*. Como regla general, este derecho cobra vigencia desde que el imputado de delito es detenido o está sujeto a responder. *Pueblo v. Candelaria,* 148 D.P.R. 591, 597 (1999); *Pueblo v. Rivera Tirado,* 117 D.P.R. 419, 431 (1986). Una persona está detenida o sujeta a responder cuando está obligada a contestar una acusación o denuncia o expuesta a ser convicta. *Pueblo v. Candelaria, supra; Pueblo v. Miró González,* 133 D.P.R. 813 (1993). El propósito del juicio rápido es proteger los intereses del imputado para prevenir su detención opresiva y perjuicio, minimizando sus preocupaciones y ansiedades. *Pueblo v. Soto Ortiz,* 151 D.P.R. ___ (2000), **2000 J.T.S. 119**; *Pueblo v. Miró González, supra; Pueblo v. Arcelay Galán,* 102 D.P.R. 409, 417 (1974). Además, este derecho responde a las exigencias sociales de enjuiciar con prontitud a quienes son acusados de violentar sus leyes. *Pueblo v. Valdés et al.,* 155 D.P.R. ___ (2001), **2001 J.T.S. 170**.

El Tribunal Supremo de Puerto Rico, en *Pueblo v. Rivera Tirado, supra,* págs. 433-438, citando el caso de *Barker v. Wingo,* 407 U.S. 514, 531-533 (1972), incorporó los siguientes cuatro criterios relevantes para evaluar las reclamaciones de violaciones al derecho a juicio rápido, a saber: (1) duración de la tardanza; (2) razones para la dilación; █ (3) si el acusado invocó oportunamente el derecho a juicio rápido; (4) el perjuicio resultante de la tardanza. █ En *Pueblo v. Rivera Tirado, supra,* pág. 433, el más alto Foro expuso que la pesquisa de si se infringió o no el derecho de juicio rápido no debe descansar exclusivamente en una regla inflexible adherida a medidas de calendario que impida la ponderación de todos los intereses en juego, ya que el enfoque es más bien de tipo pragmático y responde a la naturaleza inherente de la dinámica del derecho a juicio rápido. Es relativo, no absoluto. *Id.* Juicio rápido no es un concepto incompatible con cierta tardanza, pero la demora no debe ser intencional ni opresiva. *Id.*

En lo pertinente al caso ante nuestra consideración, la Regla 64(n) (4) de las de Procedimiento Criminal, 34 L.P.R.A. Ap. II, R. 64(n) (4), establece lo siguiente:

*"Regla 64. Fundamentos de la Moción para Desestimar*

*La moción para desestimar la acusación o la denuncia, o cualquier cargo de las mismas sólo podrá*

*basarse en uno o más de los siguientes fundamentos:*

...

*(n) Que existen una o varias de las siguientes circunstancias, a no ser que se demuestre justa causa para la demora o a menos que la demora para someter el caso a juicio se deba a la solicitud del acusado o a su consentimiento:*

...

*(4) Que el acusado no fue sometido a juicio dentro de los ciento veinte (120) días siguientes a la presentación de la acusación o denuncia."*

Debemos señalar que el sólo transcurso de los términos establecidos en la Regla 64(n) no es suficiente para acceder a la desestimación solicitada porque aunque el transcurso del término es el requisito de base, debe hacerse un análisis integral del balance de factores mencionado antes de recurrir al remedio extremo de la desestimación. E. Chiesa Aponte, *Derecho Procesal Penal de Puerto Rico y Estados Unidos,* Vol. II, Bogotá, Editorial Forum, 1995, pág. 104. Hay que tener presente que ninguno de los factores es determinante. *Pueblo v. Rivera Tirado, supra.*

En *Pueblo v. Rivera Arroyo,* 120 D.P.R. 114, 119 (1987), el Tribunal Supremo expresó que aun cuando en reiteradas ocasiones haya reconocido que el derecho constitucional a un juicio rápido es de carácter fundamental, *Pueblo v. Reyes Herrans,* 105 D.P.R. 658 (1977), igualmente ha indicado que no es absoluto. *Pueblo v. Rivera Navarro,* 113 D.P.R. 642, 644 (1982). Más bien es un derecho que requiere tomar en cuenta las circunstancias que rodean cada reclamo del mismo. *Pueblo v. Reyes Herrans, supra.* Es por virtud de ello y del carácter relativo que le es inherente, *Pueblo v. Rivera Tirado, supra,* que se ha aceptado como constitucionalmente válido el condicionamiento que impone la referida Regla 64(n) al reclamo que al amparo de ella hagan los imputados o los acusados de delito, esto es:

*"1. Justa causa para la demora.*

*2. La demora se debe a la solicitud del acusado o a su consentimiento."*

Los términos dispuestos por la Regla 64(n) no son jurisdiccionales, por lo que su incumplimiento está sujeto al concepto de justa causa. *Rabell Martínez v. Tribunal Superior,* 101 D.P.R. 796 (1973). Por tales razones, fue que en *Pueblo v. Santa Cruz,* 149 D.P.R. ___ (1999), **99 J.T.S. 149,** el Tribunal Supremo expresó que una vez el acusado reclama oportunamente una violación a los términos fijados por la Regla 64(n), el peso de demostrar la causa justificada para la demora recae sobre el Ministerio Público. *Pueblo v. Carrión Roque,* 99 D.P.R. 362, 363 (1970). El Ministerio Público también puede demostrar que el acusado ha sido el causante de la demora o que ha renunciado a su derecho de forma expresa, voluntaria y efectuada con pleno conocimiento de causa. *Pueblo v. Arcelay, supra,* pág. 416. Relativo a lo que puede considerarse justa causa, se ha establecido que *"queda excluida como justa causa aquella demora intencional y opresiva." Pueblo v. Rivera Colón,* 119 D.P.R. 315, 325 (1987). Sin embargo, siempre se ha enfatizado que la determinación de qué constituye justa causa es una que debe hacerse caso a caso y a la luz de la totalidad de las circunstancias. *Pueblo v. Arcelay, supra,* pág. 417. Para sustentar con éxito la moción de desestimación por infracción al derecho a juicio rápido, no se puede reducir la afirmación a cómputos matemáticos, sino a la consideración de los parámetros establecidos a base de la doctrina de la totalidad. O. E. Resumil, *Práctica Jurídica de Puerto Rico: Derecho Procesal Penal,* T. II, Butterworth Legal Publishers, § 25.4, 1993, pág. 251. En resumen, sería irresponsable de nuestra parte resolver este caso sin tomar en consideración toda una serie de factores que han interactuado en el mismo, a saber, suspensiones consentidas por las partes, algunas provocadas por la congestión del calendario del tribunal y por las ausencias de los testigos del Ministerio Público y de los abogados de los recurridos.

Resulta prudente indicar que ya este Tribunal de Circuito de Apelaciones ha atendido situaciones similares en el pasado. Por ejemplo, en el caso *Pueblo v. Martínez García*, KLCE-96-00383, un panel de este tribunal resolvió que:

"*...si bien es cierto que la congestión de los calendarios judiciales no constituye por sí sola justa causa para la demora, Jiménez Román v. Tribunal Superior, 98 D.P.R. 874, 883 (1970), también es cierto que el Tribunal Supremo nunca ha resuelto que se infringe tal derecho cuando la demora es atribuible a una moción con antelación al juicio* **promovida por el propio acusado.**"

De hecho, bajo la legislación federal de juicio rápido que, al igual que nuestra Regla 64(n), implementa el derecho constitucional a un juicio rápido —el **Speedy Trial Act of 1974**, 18 U.S.C. secs. 3161-3174—, se regula con particularidad el marco de tiempo que habrá de aplicarse entre las etapas de arresto, acusación y juicio y las demoras que se permiten dentro de cada etapa. Precisamente, la ley federal excluye del cómputo del derecho a juicio rápido las dilaciones ocurridas con motivo de los exámenes médicos para determinar la procesabilidad del acusado, las debidas al enjuiciamiento del acusado por otros cargos, las ocurridas como consecuencia de la presentación de recursos apelativos interlocutorios por las partes, las referentes a la consideración judicial de alegaciones preacordadas propuestas y **las concernientes a la presentación de mociones con anterioridad al juicio.** 18 U.S.C. sec. 3161(h) (1). Como muy bien señala la Corte de Apelaciones para el Segundo Circuito, al excluir del cómputo la dilación proveniente de mociones presentadas por el acusado con anterioridad al juicio, "*el acusado no puede tener lo mejor de los dos mundos al presentar mociones antes del juicio que interrumpen el término de un juicio rápido y luego quejarse de que la corte no las resolvió expeditamente*". *United States v. Hendrickson*, 26 F.3d 321, 342 (1994).

En el caso de autos, la moción de supresión de evidencia fue presentada por la peticionaria, no por el Ministerio Público. Cuando la peticionaria presentó su moción de supresión de evidencia, ya el juicio había estado señalado para el mes de marzo y hubo que suspenderlo precisamente a petición de la defensa. Tampoco pasemos por alto que la peticionaria, después de la vista de supresión de evidencia, solicitó incluso una prórroga para someter su memorial de derecho. Todo lo anterior es incompatible con el inusitado afán de que se vea su caso a toda velocidad. A juzgar por los documentos ante nos, El Pueblo nunca ha solicitado una suspensión en este caso, ni ha manifestado no encontrarse preparado en algún momento para ver el caso.

La peticionaria se benefició del trámite dispuesto por la Regla 234 de Procedimiento Criminal, *supra*, a los fines de que el tribunal pudiese evaluar la impugnada legalidad de la prueba que el Ministerio Público se proponía presentar en su contra durante el juicio. Al solicitar del tribunal la apertura de esa pesquisa, la peticionaria era consciente del probable efecto inmediato de su acción procesal, cual era, la posposición del juicio. Recuérdese que la moción de supresión de evidencia requiere que se le brinde la oportunidad al Ministerio Público de exponer sus puntos de vista, que se señale una vista evidenciaria donde el tribunal *a quo* está obligado a escuchar la prueba si la moción es de su faz suficiente, dirimir los planteamientos relativos a la admisibilidad o exclusión de elementos probatorios en la misma, adjudicar la credibilidad que le merezcan los testigos y, sobre todo, formular determinaciones de hechos y conclusiones de derecho. *Pueblo v. Bonilla Romero*, 120 D.P.R. 92, 109-110 (1987); *Pueblo v. Ortiz Zayas*, 122 D.P.R. 567, 570 n.2. (1988); *Pueblo v. Corraliza Collazo*, 121 D.P.R. 244, 246 n.1 (1988).

En segundo lugar, junto al importante interés social en la celeridad de los procesos penales que se ventilan ante nuestros tribunales, subsiste otro valor de similar importancia, cual es, que los tribunales de justicia tengan una oportunidad razonable de resolver correctamente los planteamientos relativos a la legalidad de la obtención de la prueba de cargo. Nada se gana con que los jueces de primera instancia tengan que resolver los asuntos ante su consideración en determinado plazo si con ello se menoscaba la oportunidad de reflexión, ponderación de todos los elementos pertinentes, del estudio sosegado y de la redacción eficaz de un dictamen judicial. No podemos convenir con la peticionaria en el sentido de que el tribunal *a quo* no estaba justificado en demorarse

243

cinco meses en emitir la resolución escrita en este caso sólo porque testificó un sólo testigo y no había representación legal múltiple. La tarea de decidir un caso o controversia no es algo que pueda cuantificarse con tal simplicidad haciendo abstracción de otros factores pertinentes a la función judicial no necesariamente relacionados con la carga de trabajo de los jueces.

[Footnote 3: Por supuesto, no está ante nuestra consideración una demora que sea *prima facie* injustificadamente amplia. No estamos expresándonos sobre hechos distintos a los implicados en este caso. Por vía de comparación, véase nuestra decisión en el caso de *Pueblo v. Carballosa Vázquez,* SNCE930025, de 9 de agosto de 1993, del extinto Tribunal de Apelaciones, Sección Norte, donde se discute la interesante cuestión de si se violó el debido proceso de ley de un acusado ante una dilación de casi siete años del Tribunal Supremo de Puerto Rico en resolver un recurso de *certiorari*.]" Véanse, además, *Pueblo v. Pacheco Casiano*, KLCE-2002-00030 (resuelto por el Panel Regional V de Ponce y Aibonito); *Pueblo en interés del menor J.W.R.R.,* KLCE-1997-00009 (resuelto por el Panel Regional VI de Caguas, Humacao y Guayama).

Entendemos que el razonamiento del caso citado es totalmente aplicable al caso ante nos. La moción de supresión de la evidencia presentada por la defensa fue la que interrumpió el curso normal de los procedimientos. Si bien es cierto que la defensa tiene el derecho de presentar una solicitud de esa naturaleza, no puede quejarse si la misma no es atendida con la prontitud que reclama, máxime cuando la defensa ha provocado o consentido a varias de estas suspensiones. El balance de factores aplicable en estos casos, según establecido por la jurisprudencia, inclina la balanza a favor del peticionario. El error señalado fue cometido.

### III
Por los fundamentos anteriormente expresados, se expide el auto de *certiorari*, se revoca la resolución recurrida y se devuelve el caso al foro de instancia para que finalmente celebre la vista de supresión de la evidencia solicitada por la defensa.

Lo acordó el Tribunal y lo certifica la señora Secretaria General.

Aida I. Oquendo Graulau
Secretaria General

### ESCOLIOS 2003 DTA 102

**1.** De conformidad con la certificación emitida el 25 de abril de 2003 por el Secretario Regional del Tribunal, aunque la minuta anterior indicaba que la vista sería celebrada el 16 de agosto de 2002, surge del expediente que durante ese día se expidieron citaciones a la prueba para el 22 de agosto de 2002. Véase la página 35 del Apéndice del Recurso de *Certiorari.*

**2.** El peticionario nos indica que:

*"la última suspensión consentida por los recurridos fue la del 24 de enero de 2003. Es desde esa fecha desde la cual se tienen que contar los ciento veinte (120) días para celebrar el juicio, ya que todas las suspensiones anteriores, repetimos, todas, y desde la radicación misma de los pliegos acusatorios (6 de septiembre de 2001) fueron o provocadas o consentidas por la defensa y/o sus representados. Al momento de la desestimación, el 27 de marzo de 2003, habían transcurrido sesenta y dos (62) días desde la última suspensión consentida por la defensa."* Véase la página 10 de la Petición de *Certiorari.*

**3.** A pesar de que el 15 de mayo de 2003 le concedimos un término de cinco (5) días a los recurridos para que mostraran causa por la cual no debía expedirse el auto de *certiorari*, éstos aún no han comparecido, por lo que resolvemos sin el beneficio de su comparecencia.

**4.** En *Pueblo v. Valdés et al., supra,* el Tribunal Supremo indicó que las demoras institucionales que, de ordinario, son imputables al *"Estado"*, y los cuales no tienen de forma alguna el propósito de perjudicar a la persona imputada o acusada,

serán tratadas con menos rigurosidad que las intencionales, cuyo fin es entorpecer la defensa del imputado. Ya se ha indicado que la congestión del calendario no constituye justa causa para la demora en la celebración de un juicio. *Pueblo v. Candelaria, supra*, pág. 599; *Pueblo v. Rivera Tirado, supra*, pág. 436; *Jiménez Román v. Tribunal Superior*, 98 D.P.R. 874 (1970); *Pueblo v. Nigaglioni*, 28 D.P.R. 232 (1920); *Pueblo v. Cesari*, 26 D.P.R. 21 (1917).

5. El Procurador General plantea que en el caso ante nuestra consideración, los recurridos no alegaron, ni demostraron, perjuicio específico alguno a su defensa como consecuencia de que no se pudiera ver el juicio en el último día de los términos. Véase la página 6 de la Petición de *Certiorari*.